IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

LPP MORTGAGE, LTD., f/k/a        :   CIVIL ACTION
LOAN PARTICIPANT PARTNERS, LTD.  :
                                 :
         v.                      :
                                 :
STEPHEN O. CARPENTER, et al.     :   NO. 09-15

MEMORANDUM

Bartle, J.                                           December 21, 2012

In this diversity action, which was removed from the Superior Court of the Virgin Islands, plaintiffs LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd. ("LPP"), and Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Capital") sought to foreclose on three mortgages that are in default. These mortgages were executed between 1993 and 1996 by defendants Stephen O. Carpenter and Pamela F. Carpenter, formerly husband and wife. Plaintiffs also sought a judgment against the Carpenters for the unpaid balance owed on the loans secured by these three mortgages and for attorneys' fees and expenses incurred in prosecuting this action.

The court granted the joint motion of plaintiffs for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and entered judgment in favor of plaintiffs and against defendants on October 25, 2012. The Carpenters did not file any opposition to this motion.

Now before the court is the motion of defendant Pamela Carpenter for the court to reconsider its judgment and vacate it to allow her additional time to respond.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Our Court of Appeals has stated, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  A proper Rule 59(e) motion therefore must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (internal citations omitted).  Pamela Carpenter seeks to prevent "manifest injustice."

II.

We will address only the facts that are directly applicable to the present motion before the court since the other facts of this case were discussed in depth in the October 25, 2012 Memorandum and Order granting summary judgment to the plaintiffs.  See LPP Mortg., Ltd. v. Carpenter, No. 09-15, 2012 U.S. Dist. LEXIS 153463 (D.V.I. Oct. 25, 2012).

On November 2, 2011, Eszart A. Wynter, Sr. ("Wynter") filed a motion to withdraw as counsel for Pamela Carpenter.  On February 2, 2012, the court entered an order granting Wynter's

motion to withdraw.  In that order, the court ordered Wynter to "mail a copy of this Order by certified mail, return receipt requested to defendant Pamela Carpenter at her last known address," and "certify his compliance with this order by filing a certificate of service on the docket."  Wynter never filed such a certificate of service.  Ms. Carpenter learned of his withdrawal at least by March 23, 2012 when she filed a pro se answer to plaintiff Capital's complaint.  She also requested access to the court's electronic filing system ("ECF") on March 29, 2012 and was granted access on April 10, 2012.

On September 19, 2012, plaintiffs filed a motion for summary judgment.  On September 24, 2012, the court entered a Third Scheduling Order providing deadlines for briefing on this motion.  That order provided, "[a]ny brief in opposition to motions for summary judgment shall be filed and served on or before October 12, 2012," and [a]ny reply brief shall be filed and served on or before October 26, 2012."

On October 25, 2012, two weeks after any brief in opposition was due, the court granted the motion of the plaintiffs for summary judgment and entered judgment in favor of the plaintiffs and against the defendants.  The judgment provided for foreclosure against the defendants' property and specific money judgments for each plaintiff.  Later on October 25, 2012, Pamela Carpenter filed an "Answer to Third Scheduling Order."  In that filing, she stated that she had been unable to retain counsel because Wynter was "still showing as my Attorney on

record" and was refusing to return her case files until that week.  She also "ask[ed] the Court to allow whatever time frame it deems necessary for me to retain counsel and receive my files so this case may be resolved fairly to all parties avoiding foreclosure."  On November 8, 2012, a new attorney entered his appearance on behalf of Pamela Carpenter and filed the motion presently before the court.

As discussed in more depth in the October 25, 2012 Memorandum and Order, the undisputed facts of this case demonstrate that the plaintiffs have met all requirements to prevail on their foreclosure claim.  See LPP Mortg., Ltd. v. Carpenter, No. 09-15, 2012 U.S. Dist. LEXIS 153463 (D.V.I. Oct. 25, 2012).  In her motion, Ms. Carpenter contends that the court erred in granting the motion of her former attorney to withdraw as counsel and that his withdrawal resulted in severe prejudice to her.  Ms. Carpenter admits she has known of his withdrawal since March 2012 but contends that she could not obtain replacement counsel because Wynter refused to return her case files in a timely manner.

Ms. Carpenter argues that the court's judgment against her prejudiced her simply because of her original attorney's conduct.  Although we do not condone Wynter's delay in this matter, Pamela Carpenter was not prejudiced as a result, certainly not to the point of a "manifest injustice."  Ms. Carpenter knew by March 23, 2012 that Wynter had withdrawn from the case.  The plaintiffs did not file for summary judgment until

September 2012. After that motion was filed, the court ordered Pamela Carpenter to respond within a certain amount of time, and she failed to do so. Prior to the deadline, she did not ask for an extension of time to file her response so that she could obtain her case file from Wynter or for any other reason.

Even though she was pro se at the time, she was still responsible for responding to the court's orders. See Peebles v. Moses, 40 V.I. 75, 77 (V.I. Terr. Ct. 1999) (citing Edwards v. Immigration and Naturalization Services, 59 F.3d 5, 8 (2d Cir. 1995)). The Supreme Court has stated, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistake by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Here, there is no contention that Pamela Carpenter could not afford counsel. Nor does she have the barrier of incarceration in her way, like many of the pro se litigants we see before the court. No "manifest injustice" has occurred.

Furthermore, the fact that the plaintiff's motion was unopposed did not influence the court in deciding against the defendants. We are not permitted to grant summary judgment simply because a motion is unopposed but rather may only grant it if it is appropriate to do so. See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The court considered the record before granting the motion.

Pamela Carpenter belatedly makes two arguments for the first time that she contends she would have made in a responsive

brief to the summary judgment motion if given the opportunity. First, she asserts that further discovery should be conducted because an unsigned copy of the first of the four promissory notes signed ("First Note") <u>raises questions</u> regarding whether the copy is true and correct and regarding whether it has been cancelled or further assigned.  Significantly, she does not aver that the note was not a true and correct copy or that it had been canceled or further assigned.  She is merely seeking to engage in a fishing expedition.

This case was originally filed in the Superior Court of the Virgin Islands in 2006.  Any and all discovery should have been conducted during the past six years, and no evidence has yet to be produced of any cancellation or assignment.  Moreover, the Carpenters do not contest that they borrowed the money at issue in this note, and as we noted in the October 25, 2012 Memorandum and Order, the copy before the court of the mortgage that secures the debt under the First Note was signed by both Carpenters.

Second, she argues that if given an opportunity to respond to the motion for summary judgment, she would have established that the plaintiffs did not prove the dollar amounts with respect to the amount of the Carpenters' indebtedness.  She contends that plaintiffs did not attach the account history showing a ledger of payments, including when payments were received, how they were applied, and the principal balance, to affidavits submitted in support of the motion.  Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that "[a]n

-6-

affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). This court reviewed the affidavits of Royce C. Lewis, Chief Executive Officer of Capital, and Randall C. Grasso, Litigation Counsel for CLMG Corporation which is the servicer for LPP, in determining the monetary judgment. They state that the affiants are personally familiar with the records concerning the Carpenters' loans. Those records "would be admissible in evidence" as business records. Fed. R. Civ. P. 56(c)(4). Her argument in this regard has no merit.

Pamela Carpenter provides no "intervening change in controlling law," no "new evidence," and no "need to correct clear error of law." Lazaridis v. Wehmer, 591 F.3d at 669. Nor has any "manifest injustice" occurred.

Accordingly, we will deny her motion for reconsideration of our October 25, 2012 judgment.