```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN

LPP MORTGAGE, LTD., f/k/a      :       CIVIL ACTION
LOAN PARTICIPANT PARTNERS, LTD.:
                               :
         v.                    :
                               :
STEPHEN O. CARPENTER, et al.   :       NO. 09-15
```

MEMORANDUM

Bartle, J.                                      December 27, 2012

      Before the court is the motion of cross-claim plaintiff Stephen O. Carpenter for summary judgment against cross-claim defendant Pamela F. Carpenter, his ex-wife, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Stephen Carpenter asks the court to enforce a "Hold Harmless Agreement" with respect to certain financial obligations that he and his wife incurred during their marriage.

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or

>     that an adverse party cannot produce
>     admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable jury to find for the plaintiffs. <u>Id.</u> at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson</u>, 477 U.S. at 252. We view the facts and draw all inferences in favor of the non-moving party. <u>Boyle v. Cnty. of Allegheny</u>, 139 F.3d 386, 393 (3d Cir. 1998). When ruling on a motion for summary judgment, we may only rely on admissible evidence. <u>See, e.g.</u>, <u>Blackburn v. United Parcel Serv., Inc.</u>, 179 F.3d 81, 95 (3d Cir. 1999).

The following facts are undisputed: Between 1993 and 1996, Stephen O. Carpenter and Pamela F. Carpenter, then husband and wife, signed four promissory notes, each of which was secured with a mortgage on the real property at 6911 Vessup Lane, Red Hook Quarter, St. Thomas. The Carpenters divorced in 2003. As a result of that proceeding, Stephen Carpenter quitclaimed his interest in the Vessup Lane property to Pamela Carpenter. In October 2004, Pamela Carpenter signed a "Hold Harmless Agreement" in which she promised "to indemnify and hold harmless Stephen

Carpenter against any outstanding mortgages with respect to Parcel No. 9A-11 Estate Nazareth a/k/a 6911 Vessup Lane, Red Hook Quarter, St. Thomas, U.S. Virgin Islands."

The Carpenters defaulted on their obligations under the promissory notes and the associated mortgages. The holders of three of the four mortgages, plaintiffs LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd. ("LPP"), and Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Capital"), filed suit in 2006 to foreclose those mortgages and to recover any deficiency from the Carpenters. Stephen Carpenter filed a cross-claim against Pamela Carpenter to enforce the "Hold Harmless Agreement." Pamela Carpenter has not answered the cross-claim.

On October 25, 2012, the court ordered the first priority mortgage and all junior mortgages foreclosed. On the same date, the court granted judgment in favor of Capital and against the Carpenters in the amount of $210,318.07. It entered judgment in favor of LPP and against the Carpenters in the amount of $232,571.39.

Stephen Carpenter filed a motion for summary judgment on his cross-claim against Pamela Carpenter on October 22, 2012. Pamela Carpenter has not filed an opposition to this motion.[1]

---

1. On October 25, 2012, the date the court entered judgment in favor of plaintiffs, Pamela Carpenter filed an "ANSWER TO Third Scheduling Order" dated October 24, 2012. (Doc. #155.) In this document, Pamela Carpenter states that she negotiated a settlement with plaintiffs modifying her obligations under the mortgages on the Vessup Lane property. She attached to her answer a document entitled "Modification Agreement." Only four
(continued...)

The "Hold Harmless Agreement" demonstrates the intention of the Carpenters that Pamela Carpenter would hold Stephen Carpenter harmless for all obligations arising from the mortgages on the Vessup Lane property. He is entitled to indemnity from her for all amounts he is required to pay under the judgment entered against him in favor of the plaintiffs on October 25, 2012.

Judgment on the cross-claim in favor of Stephen Carpenter and against Pamela Carpenter will be entered accordingly.

---

1. (...continued)
of the document's eleven pages were submitted. No signature page was included. Neither Pamela Carpenter's answer nor the Modification Agreement relates to the cross-claim of Stephen Carpenter.