```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN

LPP MORTGAGE, LTD., f/k/a       :        CIVIL ACTION
LOAN PARTICIPANT PARTNERS, LTD. :
                                :
          v.                    :
                                :
STEPHEN O. CARPENTER, et al.    :        NO. 09-15
```

MEMORANDUM

Bartle, J.                                          January 3, 2013

       Before the court is the motion of cross-claim plaintiff Stephen O. Carpenter for payment of attorneys' fees and costs by cross-claim defendant Pamela F. Carpenter, his ex-wife.

       The following facts are undisputed:  Between 1993 and 1996, Stephen O. Carpenter and Pamela F. Carpenter, then husband and wife, signed four promissory notes, each of which was secured with a mortgage on the real property at 6911 Vessup Lane, Red Hook Quarter, St. Thomas.  The Carpenters were divorced in 2003.

       In a "Settlement Agreement" effective April 22, 2003, Stephen Carpenter quitclaimed his interest in the Vessup Lane property to Pamela Carpenter.  The Settlement Agreement contained a compliance section which provided:

> The parties hereto shall, at any time and from time to time hereafter, take any and all steps and execute, acknowledge and deliver to the other party, any and all further instruments and assurances that the other party may reasonably require for the purpose of giving full force and effect to the provisions of this Agreement.  If either party is required to seek judicial enforcement of any provision in this Agreement, the losing party shall pay on

> behalf of the prevailing party reasonable attorney's fees and costs.

The Settlement Agreement also provided:

> Pamela Carpenter shall execute a "Hold Harmless" Agreement to Stephen Carpenter for any cooperation or assistance that has been or may be provided by Stephen Carpenter in maintaining the property at 6911 Vessup Lane and for all outstanding mortgages against House and Property.

Ms. Carpenter signed the Hold Harmless Agreement in October 2004. It is not clear why the Carpenters chose to make the Hold Harmless Agreement a separate agreement rather than part of the Settlement Agreement. In the Hold Harmless Agreement, Ms. Carpenter promised "to indemnify and hold harmless Stephen Carpenter against any outstanding mortgages with respect to Parcel No. 9A-11 Estate Nazareth a/k/a 6911 Vessup Lane, Red Hook Quarter, St. Thomas, U.S. Virgin Islands." The Hold Harmless Agreement contained no attorneys' fees provision.

The Carpenters defaulted on their obligations under the promissory notes and the associated mortgages. The holders of three of the four mortgages, plaintiffs LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd. ("LPP"), and Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Capital"), filed suit in 2006 to foreclose those mortgages and to recover any deficiency from the Carpenters. Stephen Carpenter filed a cross-claim against Pamela Carpenter to enforce the "Hold Harmless Agreement."

On October 25, 2012, the court ordered the first priority mortgage and all junior mortgages foreclosed. On the

same date, the court granted judgment in favor of Capital and against the Carpenters in the amount of $210,318.07.  It entered judgment in favor of LPP and against the Carpenters in the amount of $232,571.39.

Stephen Carpenter filed a motion for summary judgment on the cross-claim on October 22, 2012.  We granted that motion and entered judgment in his favor.  We explained that the Hold Harmless Agreement demonstrated the intention of the Carpenters that Pamela Carpenter would hold Stephen Carpenter harmless for all obligations arising from the mortgages on the Vessup Lane property.  The Settlement Agreement did not affect this decision.

Virgin Islands law provides:

> The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto ....

5 V.I.C. § 541(b).  An award of attorneys' fees is within the discretion of the court.  Rode v. Dellarciprete, 892 F.2d 1177, 1182-83 (3d Cir. 1990); see Banco Popular de P.R. v. Gilbert, 424 F. App'x 151, 153-54 (3d Cir. 2011).

As noted, Steven Carpenter's cross-claim against Pamela Carpenter was to enforce the Hold Harmless Agreement.  Steven Carpenter was not seeking to enforce the Settlement Agreement, and there is no evidence that Pamela Carpenter failed to comply with any provision in the Settlement Agreement.  The only relevant provision in the Settlement Agreement merely required

Ms. Carpenter to execute a hold harmless agreement.  Once Ms. Carpenter executed the Hold Harmless Agreement in October 2004, she fulfilled that obligation.  The attorneys' fees provision in the "Settlement Agreement" only requires the losing party to pay fees "[i]f either party is required to seek judicial enforcement of any provision in <u>this</u> Agreement" (emphasis added).  This language refers to the Settlement Agreement, not to the separate Hold Harmless Agreement.  Since Stephen Carpenter sought judicial enforcement of the Hold Harmless Agreement, which contained no attorneys' fees provision, his motion for attorneys' fees will be denied.