IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| LPP MORTGAGE, LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD. | : : : | CIVIL ACTION |
| v. | : : | |
| STEPHEN O. CARPENTER, et al. | : | NO. 09-15 |

MEMORANDUM

Bartle, J.                                                          June 4, 2014

      Before the court is the emergency motion of Defendant Pamela F. Carpenter to stay execution of judgment pending appeal.

      In this diversity action, which was removed from the Superior Court of the Virgin Islands, plaintiffs LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd. ("LPP"), and Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Capital") sought to foreclose on three mortgages that were in default. These mortgages were executed between 1993 and 1996 by defendants Stephen O. Carpenter and Pamela F. Carpenter, formerly husband and wife. Plaintiffs also sought a judgment against the Carpenters for the unpaid balance owed on the loans secured by these three mortgages and for attorneys' fees and expenses incurred in prosecuting this action.

      The court granted the joint motion of plaintiffs for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and entered judgment in favor of plaintiffs and

against defendants on October 25, 2012 in the amount of $442,942.06. The court authorized a foreclosure sale at that time. The Carpenters did not file any opposition to this motion. Defendant Pamela Carpenter thereafter moved the court to reconsider and vacate its judgment to give her additional time to respond in light of her attorney's withdrawal from the case nearly eight months before the entry of judgment. The court denied her motion. LPP Mortgage, Ltd. v. Carpenter, Civil Action No. 09-15, 2012 WL 6677914 (D.V.I. Dec. 21, 2012).[1] Ms. Carpenter filed a notice of appeal on March 1, 2013, and our Court of Appeals considered the matter on the briefs alone on May 14, 2014. A ruling on the appeal is pending.

It was not until May 28, 2014 that Ms. Carpenter filed the instant motion. The foreclosure sale on Ms. Carpenter's home is scheduled for June 19, 2014, only several weeks away. In support of her motion, Ms. Carpenter urges that while it is impossible for her to post a supersedeas bond as ordinarily required for a stay, the circumstances are proper for the court to issue a stay nonetheless.

Rule 62(d) of the Federal Rules of Civil Procedure states that an "appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). However, when the appellant

---

[1] We subsequently issued an amended judgment on January 30, 2013 to reflect indemnification of Stephen Carpenter by Pamela Carpenter.

shows that posting a full bond is impossible or impractical, the court may exercise its discretion in shaping appropriate relief. Bank of Nova Scotia v. Pemberton, 964 F. Supp. 189, 192 (D.V.I. 1997). In deciding whether to grant a stay absent a bond, the court must assess: (1) the likelihood of the movant's success on the merits of the appeal; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether issuance of the stay would substantially harm other parties; and (4) whether the public interest favors granting a stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Bank of Nova Scotia; 964 F. Supp. at 190. Such a stay is granted only in extraordinary circumstances. Bank of Nova Scotia, 964 F. Supp. at 192 (quoting Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., Civil Action No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992)).

      We note that Ms. Carpenter's "emergency" motion has come some 15 months after the filing of her appeal, in support of which she raises largely the same arguments that she made previously in support of her motion for reconsideration. See LPP Mortgage, 2012 WL 6677914, at *2-3. We found her arguments to be without merit at that time, and that the action had already been the subject of inordinate delay. Having carefully considered the parties' arguments and the four factors described above, we conclude that defendant has failed to demonstrate the

"extraordinary circumstances" that would justify granting a stay absent a full supersedeas bond. Bank of Nova Scotia, 964 F. Supp. at 192.

Accordingly, we will deny the emergency stay motion of defendant Pamela F. Carpenter.