```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

LPP MORTGAGE, LTD., f/k/a LOAN    :   CIVIL ACTION
PARTICIPANT PARTNERS, LTD., et    :
al.                               :
                                  :
             v.                   :
                                  :   NO. 09-15
STEPHEN O. CARPENTER, et al.      :
                                  :
```

MEMORANDUM

Bartle, J.                                       September 1, 2022

Plaintiffs LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd. ("LPP") and Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Capital") initiated this diversity action to foreclose on three mortgages that were in default. The property is located on St. Thomas in the Virgin Islands. These mortgages were executed between 1993 and 1996 by defendants Stephen O. Carpenter and Pamela F. Carpenter, formerly husband and wife.

On October 25, 2012, this court granted judgment in favor of plaintiffs and against defendants. See LPP Mortg., Ltd. v. Carpenter, 2012 WL 5272940 (D.V.I. Oct. 25, 2012). Our Court of Appeals affirmed. See LPP Mortg. Ltd. v. Carpenter, 568 F. App'x 115 (3d Cir. 2014). This court entered an amended judgment on January 30, 2013 ordering Pamela Carpenter to indemnify Stephen Carpenter for all amounts that he was required

to pay under the court's October 25, 2012 judgment based on a settlement agreement between defendants.

Before the court is the motion of Capital for post-judgment attorney's fees, costs, and property taxes pursuant to Rule 54 of the Federal Rules of Civil Procedure and 5 Virgin Islands Code § 541(b).

I

The facts of this matter are set forth more fully in this court's previous memorandum granting summary judgment in favor of plaintiffs and against defendants. See LPP Mortg., Ltd. v. Carpenter, 2012 WL 5272940 (D.V.I. Oct. 25, 2012). The Carpenters secured four loans with a mortgage on a parcel of land described as:

> Parcel 9A-11 of Estate Nazareth
> No. 1 Red Hook Quarter,
> St. Thomas, Virgin Islands.

This parcel is also known as 9A-11 Vessup Lane, Estate Nazareth, Charlotte Amalie, St. Thomas 00801 (the "Vessup Lane property"). The First Mortgage was assigned to Capital on October 21, 2002. The First Mortgage specifies that the holder is entitled to recover reasonable attorney's fees and costs in the event it initiates a foreclosure proceeding.

The Second Mortgage was assigned to LPP on February 8, 2001. The Carpenters signed the Third Mortgage with the U.S. Small Business Association which still holds that mortgage. The

Fourth Mortgage was assigned to LPP on June 26, 2001. The Second and Fourth Mortgages permit the holder to recover attorney's fees incurred by the mortgagee in collecting the debt secured by those instruments.

After finding that the Carpenters were in default on the First, Second, and Fourth Mortgages and after finding that the elements of foreclosure were met, this court determined as set forth in this court's October 25, 2012 memorandum that plaintiffs Capital and LPP are entitled to foreclosure on the Vessup Lane property as a matter of law and granted judgment in favor of plaintiffs and against defendants.

Judgment in favor of Capital was entered in the amount of $210,354.61, which included the amount owed on the promissory note, interest through the date of judgment, $5,758.50 in attorney's fees, and $267.58 in litigation expenses. Judgment was entered in favor of LPP in the amount of $232,587.45, which consisted of the amount owed on two promissory notes, interest through the date of judgment, $45,517.67 in attorney's fees, and $1,841.75 in litigation expenses. Capital has priority as it holds the First Mortgage.

The judgment also ordered that the mortgaged premises may be sold by the United States Marshal and that the proceeds of the sale will be applied first to the costs of the sale and then towards satisfaction of the judgment. Any deficiency due

and owing to plaintiffs after the sale shall be satisfied by defendants, and any surplus proceeds shall be placed in the registry of the court pending application by defendants. The judgment further ordered that plaintiffs are awarded the right to use and possess the premises until the judgment has been satisfied or has been sold to a third party and redemption rights have expired, whichever occurs first. As of today, the Vessup Lane property has not yet been sold.

Pamela Carpenter filed a petition for relief under Chapter 11 of the Bankruptcy Code wherein she agreed to make monthly interest-only payments of $705.50 from May 1, 2016 through April 1, 2021 at which point she would make a balloon payment of $211,648.21. Capital granted an extension for this balloon payment until July 31, 2021. Ms. Carpenter failed to make the balloon payment by this deadline. Capital now moves for post-judgment attorney's fees and costs that have gone towards collecting the judgment as well as property taxes it has paid on the Vessup Lane property.

II

Virgin Islands law permits to the prevailing party "such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(b). Rule 54 of the Federal Rules of Civil Procedure requires a motion for attorney's fees

be made no later than fourteen days after the entry of judgment unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B). The motion must specify the judgment and basis for the award, state the amount sought and a fair estimation of it, and disclose any fee agreements. Id. Rule 54 also permits costs other than attorney's fees to the prevailing party. Fed. R. Civ. P. 54(d)(1).

The amount of an attorney's fee award is "within the discretion of the district court" and must be reasonable. Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1184 (3d Cir. 1995). The court must use the "lodestar" formula "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). The burden is on the movant to show that its request is reasonable. Dorval v. Sapphire Vill. Condo. Owners Assoc., 2020 WL 2487559, at *2 (D.V.I. May 14, 2020).

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." Loughner, 260 F.3d at 179-80. "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Id. at 180

(quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). Once a court determines the lodestar, "its discretion comes into play and it can adjust the fee for a variety of reasons." Windall, 51 F.3d at 1185.

As for the reasonableness of time expended, a party seeking attorney's fees "must provide evidence supporting the time claimed." Id. at 1188. "The district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)).

III

Capital now seeks attorney's fees in the amount of $26,152, costs in the amount of $233.30, and property taxes it paid on the Vessup Lane property since the judgment in the amount of $15,115.05. LPP filed an opposition to Capital's motion in which it argued that the motion is premature since the foreclosure is not yet complete and that a portion of the fees sought are not reasonable. LPP does not oppose the cost and property taxes portion of the motion and acknowledges that had Capital not paid the property taxes on the Vessup Lane property it would have done so. Pamela Carpenter, in a late-filed opposition to Capital's motion, argued that she is attempting to

-6-

settle with Capital but it has not been responsive, that the fees sought are excessive for reasons similar to those stated in LPP's opposition, and that the property taxes were unnecessary because she has paid a portion of the taxes and expects amnesty from the Government for the remainder of the amount due.

In granting attorney's fees and costs to plaintiffs in the judgment in this matter issued October 25, 2012, this court provided that "[a]fter the foreclosure on the Vessup Lane property has been completed, plaintiffs may file a motion requesting additional relief . . . . Plaintiffs may make a supplemental request for litigation fees and expenses at the appropriate time." The court ordered foreclosure on the property that same day. Although the property has not yet been sold, foreclosure of the property has been completed. We find therefore that the relief sought in the pending motion is permitted pursuant to § 541(b) and our prior decision.

Capital's motion is based on 39.3 hours expended by its lead attorney, Robert Wood, a member of Rogers Townsend, LLC, 1.2 hours expended by an associate at the same firm, Michael Weaver, 87.5 hours expended by Jennifer Tucker, a paralegal for Mr. Wood, and 9.9 hours expended by other non-attorney support staff at the firm. Included with the motion is a declaration of counsel and bill of costs in which Mr. Wood declares that the attached billing records are correct

and that the hourly rates are standard for the services provided in debt collection actions in the Virgin Islands. Capital also attaches thirty-three pages of billing records describing the requested fees.

Capital retained Rogers Townsend LLC on May 24, 2021 to represent it in its efforts to collect on the October 25, 2012 judgment. The submitted bills cover time expended on this matter from May 24, 2021 through July 15, 2022, the date of the present motion. They include descriptions of the work performed, the duration of each task, and the rate charged. The court finds the total hours of Mr. Wood to be reasonable. The court also finds the hours expended by the non-legal support staff to be reasonable.

LPP opposes this motion in part on the basis that paralegal fees are not recoverable in the Virgin Islands. While there is dispute on the ability to recover paralegal fees under § 541(b) and Rule 54, courts in the Virgin Islands have found that "the majority of 'authority indicates that "attorney's fees" embraces paralegal fees.'" In re Estate of Benjamin, 70 V.I. 110, 117-18 (V.I. Super. Ct. 2019) (quoting MRL Dev., LLC v. Whitecap Inv. Corp., 2017 WL 4863902 (D.V.I. March 23, 2017)). Capital has also persuasively argued that the time the paralegals spent was more cost-effective than having the partner attorney perform that work. This court agrees. Based on the

-8-

weight of authority, this court will award paralegal fees in this matter.

LPP also opposes the motion on the basis that Michael Weaver, who expended 1.2 hours of time in the attached billing records, is not licensed to practice law in the Virgin Islands. Capital counters that Mr. Weaver worked under the supervision of a licensed attorney.  The court will strike the 1.2 hours attributed to Mr. Weaver as he is not licensed to practice law in the Virgin Islands.

As for the rates charged, Mr. Wood states that he charged a rate of $300 an hour which he argues is reasonable based on previous findings by other courts in this district. The billing records, however, reflect that he charged a rate of $350 an hour.  Courts in this district have previously concluded that "'a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'"  Bank of Nova Scotia v. Abdallah, 2013 WL 1846544, at *6 (D.V.I. May 2, 2013) (quoting Anthony v. Abbott, 2012 WL 2752154 (D.V.I. July 9, 2012)).  In a more recent case, the Virgin Islands Superior Court found the hourly rate of $350 for attorney fees "to be excessive when compared customarily within this jurisdiction" and reduced the requested fee from $350 to $300 an hour.  In re Estate of Benjamin, 70 V.I. at 118.

This court will do likewise. Capital seeks attorney's fees at the rate of $300 an hour despite the rate charged in its billing records. Capital does not present anything to indicate that a higher hourly rate would be reasonable. Although extensive time has been expended trying to secure the judgment, there is nothing to indicate that it is such a complex case or one requiring an extraordinary level of skill so as to justify a higher hourly rate. The court will therefore reduce the total fees sought so that the 39.3 hours attributed to Mr. Wood are charged at a rate of $300 an hour rather than $350 an hour.

The hourly paralegal rate sought for Jennifer Tucker is $125 for 87.5 hours and $105 for 9.9 hours expended by other non-attorney support staff. Other courts in the Virgin Islands have found $125 an hour to be an acceptable rate. Id. The court therefore finds the rates charged for paralegal services in this matter reasonable.

After striking the hours expended by Mr. Weaver and reducing the rate of pay for Mr. Wood from $350 to $300, the total amount of post-judgment attorney's fees the court will award to Capital based on the instant motion is in the amount of $23,767.

Capital also seeks costs in the amount of $233.30. However, it does not include any details in its declaration of counsel or bill of costs as to the nature and purpose of these

costs.  It only includes in the attached billing records that $189.80 from October 4, 2021 was billed as "copy costs" and $43.50 from July 6, 2022 was marked as "copies from VI Recorder of Deeds."  However, "it is well-established that 'photocopying and other reproduction costs are nonreimbursable'" under § 541.  Abdallah, 2013 WL 1846544, at *7.  In addition, Capital fails to set forth in the bill of costs the nature of each charge so that it can be readily understood as required under Rule 54.  See In re Estate of Benjamin, 70 V.I. at 122.  For these reasons the court will not award any costs based on this motion.

  Finally, Capital seeks $15,115.05 in property taxes it paid for tax years 2016 through 2020.  Capital also attaches receipts of payment that correspond with the attached checks for each payment made by Capital.  For tax year 2016, Capital paid $3,397.  For tax year 2017, Capital paid $3,170.09.  For tax year 2018, Capital paid $3,009.56 which includes $2,403.65 in tax and $605.91 in penalties.  For tax year 2019, Capital paid $2,889.38 which includes $2,403.65 in tax and $485.73 in penalties.  For tax year 2020, Capital paid $2,649.02 which includes $2,403.65 in tax and $245.37 in penalties.

  Ms. Carpenter claims to have paid some of these property taxes, but the receipts that she includes in her opposition reflect the check numbers issued by Capital in their payments of the property taxes.  The court will therefore credit

Capital, not Ms. Carpenter, for these payments. Ms. Carpenter also argues that these taxes did not need to be paid because she will be granted amnesty by the Government of the Virgin Islands for property taxes. This is insufficient. She does not provide an affidavit or declaration that amnesty has been granted and that property taxes for the years 2016 through 2020 have been waived.

As for the amount sought by Capital, Capital does not provide any explanation of the penalties and include bills relating to those penalties. The court can only assume that Capital was at fault for these penalties. The court will therefore strike the amount sought for penalties. The court will otherwise grant repayment in the amount of $13,778.04 for property taxes Capital paid on the Vessup Lane property for tax years 2016 through 2020.

BY THE COURT:

/s/ Harvey Bartle III

_____
                            J.